UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 12-7607-CAS (SHx) | Date | January 8, 2013 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION V. MARTHA G. FLORES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**     (In Chambers:) PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION

On September 16, 2011, plaintiff Federal National Mortgage Association filed an unlawful detainer action in Los Angeles County Superior Court against *pro se* defendants Martha G. Flores, and Does 1 to 10, inclusive.

On September 5, 2012, defendant Flores filed a notice of removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1443. Defendant asserts that this Court has jurisdiction on the basis of a federal question. See Dkt. No. 1. On November 26, 2012, plaintiff filed a motion to remand. Defendant has not opposed the motion.[1]

## II. ANALYSIS

As an initial matter, the Court concludes that defendant's notice of removal is untimely. Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons. Here, the action was initiated on October 24, 2011, yet defendant did not remove until September 5, 2012. As such, remand is appropriate on this basis alone.

---

[1] This is defendant's second attempt to remove this action to federal court. See Federal National Mortgage Ass'n v. Martha G. Flores et al., 12-cv-1091 (notice of removal filed February 8, 2012). On March 14, 2012, the district court remanded the case to the Los Angeles County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-7607-CAS (SHx) | Date | January 8, 2013 |
| Title | FEDERAL NATIONAL MORTGAGE ASSOCIATION V. MARTHA G. FLORES | | |

In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. No. 1. Defendant cannot create federal subject matter jurisdiction by adding claims or asserting defenses. See McAtee, 479 F.3d at 1145.[2] Accordingly, the Court lacks subject matter jurisdiction based on a federal question and must remand. See Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

## III. CONCLUSION

In accordance with the foregoing, this case is hereby REMANDED to the Los Angeles County Superior Court. Defendant is admonished that any further attempt to remove this action may result in monetary or other sanctions.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[2] Defendant's notice of removal asserts numerous state and federal claims for relief, but none of defendant's claims are proper grounds for removing an action to federal court.